# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1163V
UNPUBLISHED

| | |
|---|---|
| EMILY BUTCHER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 13, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On September 8, 2020, Emily Butcher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on October 17, 2017. Petition at 1-3, ¶¶ 4, 55. In the alternative, Petitioner alleges that the flu vaccine she received caused her left shoulder injury. *Id.* at ¶¶ 56-58. Petitioner further alleges that she received the vaccine in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her SIRVA within the meaning of the Vaccine Act but did receive an informal payment of $7,500.00 from the vaccine

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

administrator. Petition at ¶¶ 59, 61, 63-65. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 6, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "has concluded that [P]etitioner's claims meets the Vaccine Injury Table criteria for a left shoulder SIRVA." *Id.* at 13. Respondent further agrees that "[P]etitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.*

Because there may be some disagreement regarding the exact sequelae of Petitioner's SIRVA injury,[3] I instructed the OSM staff attorney assisting me on this SPU case to confirm that the parties had no objection to my issuing a ruling based upon Respondent's concession as stated in the Rule 4(c) Report. Both attorneys agreed I could address the issues of sequelae and the appropriate amount of damages in this case, after further argument and development, if they are unable to reach an informal agreement. *See* Informal Remark, dated June 6, 2022.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] In his Rule 4(c) Report, Respondent indicated that he believes "there is a lack of preponderant evidence that other injuries and conditions are sequelae of [P]etitioner's SIRVA, including left shoulder structural defects or degenerative changes, left wrist or elbow injuries, right shoulder injuries, or any rheumatological or neurological conditions." Rule 4(c) Report at 14.